IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

JAMES DALE CARROLL )
)
v. ) NO. 1:23-cv-00076
)
CENTRAL PENSION FUND *et al.* )

**TO:** Honorable William L. Campbell, Jr., United States District Judge

### REPORT AND RECOMMENDATION

By Order entered November 13, 2023 (Docket Entry No. 4), the Court referred this *pro se* civil action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss or, alternatively, for a more definite statement (Docket Entry No. 5) filed by Defendants Central Pension Fund and Sheri Crabtree. Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and that this action be **DISMISSED**.

### I. BACKGROUND

On September 12, 2023, James Dale Carroll ("Plaintiff"), acting *pro se*, filed a Civil Summons in the General Sessions Court of Maury County, Tennessee. *See* Docket Entry No. 1-1. Although the Civil Summons is somewhat difficult to follow and does not clearly set out supporting factual allegations, Plaintiff asserts that he has been denied "early retirement" and appears to seek recovery of benefits that he alleges are due to him under the terms of a work pension fund, the Central Pension Fund ("CPF"), but have been wrongly denied. *Id*. at 2-3. Plaintiff seeks $20,000.00 in damages for "reparations," "hardship," "aggravation," and

"nonpayment of retirement," his "monthly pay" for "1 ½ years" (presumably referring to retirement benefits), and "attorneys fees." *Id*. Named as defendants are the CPF and Sheri Crabtree ("Crabtree"), who appears to be an agent of the International Union of Operating Engineers, Local 369, a labor union whose members, including Plaintiff, are participants in the CPF.

On November 7, 2023, Defendants, pursuant to 28 U.S.C. § 1441, removed the action to this Court based on federal question jurisdiction, contending that Plaintiff's lawsuit is one in which he purportedly seeks recovery of retirement benefits under his pension plan and is therefore governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. *See* Notice of Removal (Docket Entry No. 1). The Court found that removal was timely and both procedurally and substantively proper. *See* November 13, 2023, Order. Plaintiff has not challenged removal.

In lieu of an answer, Defendants filed the pending motion to dismiss. Plaintiff responded in opposition. *See* Response (Docket Entry No. 7). Upon the directive of the Court, Defendants filed a reply. *See* Reply (Docket Entry No. 9).

## II. MOTION TO DISMISS

Defendants seek dismissal of the lawsuit under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To the extent that Crabtree is named as a defendant, she argues that Plaintiff fails to actually state a legal claim against her based on any allegations of wrongdoing on her part. With respect to Defendant CFP, it argues that, while the precise legal cause of action asserted by Plaintiff is unclear, his complaint clearly seeks to recover damages related to the denial of benefits under the CFP and thus implicates ERISA. In accordance with the mandates of ERISA, Defendant CFP contends that any state law claims that can be construed from the

2

Case 1:23-cv-00076   Document 10   Filed 02/28/24   Page 2 of 8 PageID #: 40

complaint are preempted by ERISA. CFP further argues that Plaintiff fails to set forth any type of cognizable claim under ERISA. *See* Memorandum in Support (Docket Entry No. 6).

Plaintiff's *pro se* response does not actually address any of the legal arguments for dismissal raised by Defendants but appears to argue that he was quickly able to obtain benefits from another pension plan, which required only five years of service for benefits to be paid, but that CFP "has stonewalled me for over a year." *See* Response. He further asserts that "I can retire at 62 - not 65 as they contend." *Id*. Attached to Plaintiff's response are copies of what appears to be a page from the CFP, a mid-year statement from the CFP, and a participant history spreadsheet and benefit check stub from the other plan. *See* Docket Entry No. 7-1.

Defendants' reply contends that Plaintiff's response fails to dispute the arguments for dismissal set out in their motion and further fails to show that he states a cognizable claim for relief under the ERISA framework. Defendants argue that, instead, Plaintiff's reply suggests that he is merely dissatisfied with the terms of the plan at issue and wants to be granted benefits to which he is not yet entitled under the terms of the plan. *See* Reply.

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

Defendants' motion to dismiss this lawsuit is meritorious and should be granted. Even when Plaintiff's complaint is given a liberal construction because he is proceeding without an attorney, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the allegations are not sufficient to state a legal claim for relief.

With respect to Defendant Crabtree, the Court agrees that the claims against her must be dismissed. As the party bringing this lawsuit, Plaintiff has the responsibility to set out factual allegations that show a plausible right to relief against Defendant Crabtree. *See Twombly*, 550 U.S. at 570. However, there are simply no factual allegations that Crabtree engaged in any conduct regarding Plaintiff, let alone that she engaged in wrongful conduct that would support a legal claim against her. Indeed, the only allegation made against her is that she "is responsible for representation for [the International Union of Operating Engineers]." *See* Docket Entry No. 1-1 at 2. This allegation falls well short of setting forth a legal claim for relief against Defendant Crabtree.

With respect to claims against Defendant CPF, it is evident from Plaintiff's allegations, scant as they are, that he is complaining about the denial of the payment of benefits to him under

4

the CFP pension plan. Because it is clearly apparent that the CPF is an employee pension plan, the provisions of ERISA apply.

ERISA provides for the comprehensive, federal regulation of plans such as the one at issue here. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). Accordingly, ERISA preempts state law claims that relate to any employee pension or benefit plan. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) ("virtually all state law claims relating to an employee benefit plan are preempted by ERISA."). Because of the conclusive nature of preemption, Plaintiff cannot pursue claims under state law based upon the assertion that he was denied pension benefits that are due to him under the terms of the plan. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210-13 (2004); *Cromwell*, 944 F.2d at 1275-76.[1]

Although ERISA preempts state law claims related to the payment of benefits under a covered plan, a plaintiff may bring a claim directly under ERISA if the plaintiff has formally sought but been denied benefits to which he believes that he is entitled to under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 102 (2013). However, even if the Court liberally construes Plaintiff's complaint as an attempt to assert a claim brought under ERISA, the Court cannot decipher an actual legal claim for relief from Plaintiff's sparse and fragmented allegations. Plaintiff must clearly show that he is entitled to benefits under the plain terms of the CFP plan. *See Shapiro v. Fid. Invs. Institutional Operations Co., Inc.*, 142 F.Supp.3d 535, 541 (E.D. Ky. 2015) (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 842 (6th Cir.2007)).

---

[1] The Court notes that Plaintiff's complaint consists of sparse and fragmented allegations and dos not actually set out any state law claims.

Plaintiff simply fails to set out allegations that satisfy this showing, and the attachments to his response in opposition to the motion fail to shed any light on the matter. Indeed, for the reasons argued by Defendant CFP in its reply, those documents appear to rebut any suggestion that Plaintiff is being wrongfully denied benefits under the plan.

According to Plaintiff's own filings, the plain terms of the CFP plan require at least 10 years of credited service to be eligible for an early retirement benefit. *See* Plaintiff's filing with attachment of CFP plan provisions for Eligibility for Retirement Benefit (Docket Entry No. 7-1) at 1. Those same filings are further clear that Plaintiff does not have 10 years of credited service as a participant in the CPF plan, which makes him ineligible for early retirement benefits. *See* Plaintiff's 2022 Mid-Year Participant Statement (Docket Entry No. 7-1) at 2 (showing 5.10 years of credited service).[2]

To the extent that Plaintiff alleges that he is entitled to some early retirement benefit under the CPF plan, such an allegation fails to plausibly support a right to relief. Such relief would require the Court to rewrite the provisions of the plan, which the Court cannot do. *Sutter v. BASF Corp.*, No. 89-70105, 1991 WL 26831, at *3 (E.D. Mich. Feb. 28, 1991), *aff'd,* 964 F.2d 556 (6th Cir. 1992) ("Apparently, plaintiff seeks to rewrite the Plan because he is unhappy with the amount of his retirement benefit. This result plaintiff clearly is not entitled to accomplish. Thus, the court finds that plaintiff's claim that he was not given credit for all his years of service is without basis in fact."); *see also Baptist Mem'l Hosp. v. Marsaw*, 13 F.Supp.2d 696, 704 (W.D. Tenn. 1998), *aff'd,* 208 F.3d 212 (6th Cir. 2000) ("Because the SPD's post-emergency

---

[2] To be clear, CPF does not argue that Plaintiff is not entitled to any retirement benefits, simply that he is not entitled to early retirement benefits. *See* Defendants' reply (Docket No. 9) at 2-3 ("Plaintiff may not want to wait until he reaches normal retirement age to get his pension …").

admission certification requirement and time limitation for filing claims do not violate any fundamental ERISA policy, the court will not import BMH's requested equitable remedy to effectively rewrite these legitimate plan provisions."); *Johnson v. Life Ins. Co. of N. Am.*, No. 2:22-CV-933, 2023 WL 5951769, at *8 (S.D. Ohio Sept. 13, 2023) ("Given the critically different language between Part B and the relevant Covered Earning's calculation for 'acquired members,' coupled with the fact that both these provisions are on the same page of the Plan, the Court declines Plaintiff's invitation to rewrite the Plan in his favor.").

Finally, to the extent that Plaintiff seeks damages for "hardship" or "aggravation," compensatory damages of this type are not authorized under ERISA. *See Aetna Health, Inc.*, 542 U.S. at 214-15; *Int'l Union UAW Loc. 91 v. Park-Ohio Indus., Inc.*, 876 F.2d 894, 189 WL 63871, at *7 (6th Cir. 1989). Because, as already stated, it is Plaintiff's responsibility to set out factual allegations that clearly show a plausible right to relief, *see Twombly*, 550 U.S. at 570, and he has not done so with respect to any claim against Defendant CFP, the complaint must be dismissed.

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that the motion to dismiss or, alternatively, for a more definite statement (Docket Entry No. 5) filed by Defendants Central Pension Fund and Sheri Crabtree be **GRANTED** and that this action be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge